**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOSHUA PEASE, ON HIS OWN BEHALF
AND OTHERS SIMILARLY SITUATED,**

            **Plaintiffs,**

**-vs-**                                              **Case No. 6:07-cv-1011-Orl-28DAB**

**CHRISTOPHER PAUL KILEY,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPROVE SETTLEMENT (Doc. No. 19)**
>
> **FILED:**      **October 26, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the parties' Motion to Approve Settlement (Doc. No. 19), Plaintiff was employed by Defendants as a security officer. The settlement to Plaintiff of $1,805 in unpaid wages and liquidated damages represents the full disputed amount Plaintiff sought. Although Plaintiff initially sought $6,450 for sixteen weeks of thirty-five hours of overtime (plus liquidated damages) and unpaid wages for four weeks (*see* Doc. No. 13), following discovery and review of all payroll records and time cards, Plaintiff revised his calculations to $1,400 for overtime and liquidated damages, plus his last paycheck of $405 (*see* Doc. No. 19 at 4-5); thus, he has been fully compensated.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3000 in attorney's fees and $500 costs. The Court finds that for a total of $3000 in fees, at an estimated hourly rate of $175, Plaintiff's counsel would have devoted approximately 17 hours to Plaintiff's case. The amount of

time devoted and the hourly rates are not unreasonable under the circumstances of this case and consistent with similar FLSA cases.

Settlement in the amount of $1,805 to Plaintiff for unpaid wages and liquidated damages, and $3,500 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 31, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy